

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-13-2009

# M.S.G. v. Lenape Regional High

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1567

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"M.S.G. v. Lenape Regional High" (2009). *2009 Decisions.* Paper 2053.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2053

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1567

_____

M.S.-G., INDIVIDUALLY AND
BY HIS PARENTS AND LEGAL
GUARDIANS, K.S.-G. AND J.S.-G.,

Appellants

v.

LENAPE REGIONAL HIGH SCHOOL DISTRICT
BOARD OF EDUCATION and DANIEL HICKS,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 06-cv-2847)
District Judge: Honorable Joseph H. Rodriguez

_____

Argued March 26, 2008

_____

Before: McKee, Rendell, and Tashima,[*] *Circuit Judges*

(Filed: January 13, 2009)

_____

---

[*]     Honorable A. Wallace Tashima, Senior Judge of the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

Jamie Epstein, Esq. **(ARGUED)**
1101 Route 70 West
Cherry Hill, NJ 08002
      *Counsel for Appellants*

Walter F. Kawalec, Esq. **(ARGUED)**
Richard L. Goldstein, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
200 Lake Drive East
Suite 300
Cherry Hill, NJ 08012
      *Counsel for Appellees*

_____

OPINION

_____

TASHIMA, *Circuit Judge*:

M.S.-G., a high school student, along with his parents, J.S.-G. and K.S.-G.

(collectively "M.S.-G."), appeal the District Court's dismissal of M.S.-G.'s action,

brought under the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. § 1400

*et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the New

Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1, against Lenape Regional

High School District and Daniel Hicks, Superintendent (collectively "Lenape"), stemming

from his suspension from Shawnee High School.  The Administrative Law Judge ("ALJ")

conducting M.S.-G.'s due process hearing twice dismissed M.S.-G.'s petition for failure

to satisfy the IDEA pleading requirements.  The District Court dismissed M.S.-G.'s

-2-

complaint on the same ground. We have jurisdiction to review the District Court's

decision under 28 U.S.C. § 1291, and we will affirm.

Because we write for the parties, we recite only those facts necessary to our

analysis of the issues presented on appeal. We review de novo the dismissal of a

complaint under Federal Rule of Civil Procedure 12(b)(6). *Phillips v. County of*

*Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008). In so doing, we "accept all factual

allegations as true, construe the complaint in the light most favorable to the plaintiff, and

determine whether, under any reasonable reading of the complaint, the plaintiff may be

entitled to relief." *Id.* at 233 (internal citation and quotation marks omitted).[1]

M.S.-G. contends that the ALJ and District Court erred in dismissing his complaint

for failure to conform to the IDEA's pleading standards. On June 5, 2006, M.S.-G. filed

a due process complaint with the New Jersey Office of Special Education Programs

requesting relief under the IDEA. The following text comprised the entirety of the June 5

complaint's substantive allegations:

> Failure of respondent to: (a) maintain M.S.-G. in his current placement after
> 10 days of suspension during the current school year in remedy for said

---

[1] Although the District Court must employ a modified de novo review of the
decisions of an administrative fact finder, *see S.H. v. State-Operated Sch. Dist. of the City
of Newark*, 336 F.3d 260, 270–71 (3d Cir. 2003), and we, in turn, review the District
Court's factual findings for clear error, *see Shore Reg'l High Sch. Bd. of Educ. v. P.S. ex
rel P.S.*, 381 F.3d 194, 199 (3d Cir. 2004), no such deference is called for when the
decisions of the ALJ and District Court involve only questions of law.

> failures we seek compensatory education and an order requiring respondent to return and maintain M.S.-G. in his current placement; (b) to provide MS-G with a psychiatric evaluation for which we seek an independent psychiatric evaluation, (c) to properly address M.S.-G's drug dependency as a manifestation of his educational handicap in his IEP for which we seek said correction to MS-G's IEP as a remedy. (d) failure to evaluate MS-G for and provide him with a positive behavior intervention plan for which we seek same as a remedy.

(punctuation errors in original). The ALJ found that the complaint failed to state the reason for M.S.-G.'s suspension, or describe M.S.-G.'s individualized education program ("IEP") and his "current placement." It also failed to include factual details relevant to M.S.-G.'s requested remedies, such as circumstances which might necessitate a return to his current placement, and facts indicating whether he communicated with the defendants about the proposed psychiatric evaluation, or whether the defendants refused to accommodate the request. The ALJ encouraged the parties to communicate and to make a good faith effort to resolve their differences.

On June 13, 2006, M.S.-G. submitted a second petition for an expedited due process hearing. The allegations in the second petition were much the same, except that M.S.-G. added the following details:

> M.S.-G. [is] a 10th grade student in a self contained placement at Shawnee High School . . . .

> M.S.-G. was suspended for 10 days on 5/31/06 however respondent has refused to allow him to return to his current placement. Additionally, he was suspended 5/23/06 for 2 days, on 5/9/06 for 3 days, on 3/10/06 for 3

-4-

days, on 2/10/06 for 2 days, on 2/2/06 for 1 day, on 1/5/06 for 5 days, 1/6/06 for 2 days, on 11/30/05 for 1 day, and on 12/7/05 for 1 day.

Although the remedies requested were substantially the same, M.S.-G. slightly altered the wording and format of the request:

(a) compensatory education for the days in which he was improperly removed;
(b) an order requiring respondent to return and maintain M.S.-G. in his current placement;
(c) an appropriate psychiatric evaluation;
(d) for M.S.-G. to be evaluated for and provided with a positive behavior intervention plan[];
(e) and to properly identify behaviors which are a manifestation of his educational handicap (including his drug dependency) in his IEP to be programmed for and not be disciplined for.

On June 16, 2006, the ALJ dismissed the second petition for failure sufficiently to state a claim. Although he recognized that M.S.-G. now provided the dates of his suspensions, the letter still failed to allege facts that would justify a finding that M.S.-G. was wrongfully removed from or entitled to return to his current placement.

On January 24, 2007, the District Court granted Lenape's motion to dismiss based on M.S.-G.'s failure to conform to the IDEA pleading requirements. The District Court grounded its holding on the failure of the administrative complaints to state "why the school suspended M.S.-G.[,]" "the nature of M.S.-G.'s problem and how it relates to the suspensions[,]" and how the proposed solutions will "resolve the problem."

We conclude that M.S.-G. failed to satisfy the pleading requirements set forth in

the IDEA. The IDEA requires state and local educational agencies receiving federal education funds to "establish and maintain procedures . . . to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education . . . ." 20 U.S.C. § 1415(a). One such procedure is the opportunity to present a complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the child . . . ." *Id.* § 1415(b)(6)(A); *see also* 34 C.F.R. § 300.507(a)(1) (2007). The complaint must provide notice to the opposing party, including "(III) a description of the nature of the problem of the child relating to such proposed initiation or change, including facts relating to such problem; and (IV) a proposed resolution of the problem to the extent known and available to the party at the time." 20 U.S.C. § 1415(b)(7)(A)(ii)(III)–(IV); *see also* 34 C.F.R. § 300.508(b)(5)–(6). M.S.-G. failed to provide a description of the *nature* of the problem that included facts; he merely identified the problem, in this case, his multiple suspensions.

We also reject M.S.-G.'s suggestion that the Supreme Court's description of these pleading standards as "minimal" in *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 55 (2006), somehow converts the specific statutory provision into a bare notice pleading

requirement.[2] *Schaffer* did not confront the issue at hand. Moreover, the purpose of the statute to foster cooperation between the parents and educational agency is served by a development of the factual basis for the dispute prior to the initiation of adversarial proceedings. *See id.* at 53 ("The core of the statute . . . is the cooperative process that it establishes between parents and schools.").

M.S.-G. does not contest the District Court's dismissal of his § 1983 and state law claims. *See Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 202–03 (3d Cir. 2004) ("We have held on numerous occasions that an issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court.") (citation, quotation marks, and alteration omitted). We therefore deem those issues waived.

For the foregoing reasons, we will AFFIRM the judgment of the District Court.

---

[2] Likewise, *Escambia County Bd. of Educ. v. Benton*, 406 F. Supp. 2d. 1248 (S.D. Ala. 2005), does not bear the weight of M.S.-G.'s argument. That decision specifically acknowledged the IDEA's requirement that the complaint include facts relating to the claimed problems. *Id.* at 1259. The court concluded, however, that such a requirement was satisfied as to the particular challenge to an IEP raised for the first time at a due process hearing when the plaintiff raised several other distinct challenges to the same IEP in his complaint. *Id.* at 1260.